IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ANDREW BESS,<br><br>              Plaintiff,<br><br>vs.<br><br>ATOMIC SKI USA, INC., a New Hampshire Corporation and AMER SPORTS WINTER OUTDOOR COMPANY, a Delaware Corporation,<br><br>              Defendants. | ORDER TO SHOW CAUSE and MEMORANDUM DECISION<br><br><br><br>Case No. 1:11-cv-8 CW |

      "To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'" *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation omitted). In this case, Defendants purport to remove this action pursuant to 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. Defendants's notice of removal is, however, insufficient on its face. In their notice, Defendants assert that "[u]pon information and belief the amount in controversy in this case exceeds $75,000.00, exclusive of costs and interests." (Notice of Removal, Dkt. No. 2, at 3.)

      The court is not aware of any authority allowing defendants to remove on the basis of "information and belief" about the amount in controversy. On a review of the state court

complaint, Plaintiff did not specify how much he seeks in damages.  As a general matter, when a party seeks to remove a complaint that does not expressly state the amount of damages asserted, the party must present facts and analysis that convince the court "by a preponderance of the evidence" that the amount in controversy exceeds $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Defendants make no attempt to explain the facts that would show that over $75,000 is at issue here.

Accordingly, Defendants are hereby ORDERED to show cause why this case should not be remanded to state court.  Defendants's response, including any motion to amend the notice of removal, is due by April 1, 2011.  Any subsequent briefing, if such is called for and desired by the parties, shall follow the normal course under the federal rules.

**ORDER**

SO ORDERED this 16th day of March , 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge